United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Isaias Ramirez Puac, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3444 |
| | § | |
| Raymond Thompson, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Isaias Ramirez Puac is a native and citizen of Guatemala who entered the United States in 2007. Docs. 1 ¶ 31, 1-1 at 4 & 9. On February 27, 2025, Petitioner was convicted of driving while intoxicated. *Id.* at 30. Following his conviction, Petitioner was transferred into the custody of the Department of Homeland Security, Doc. 1 ¶ 44, and, on February 28, 2025, a Notice to Appear charged Petitioner as subject to removal as an alien present in the United States without being admitted or paroled, Doc. 1-1 at 9.

While in detention pending his removal proceedings, Petitioner requested and received a bond hearing before an immigration judge. Doc. 1 ¶¶ 45–46. The immigration judge granted an immigration bond, and Petitioner was released after posting bond. Doc.

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

1-1 at 33, 36. While Petitioner was out on bond, he received two citations from United States Immigration and Customs Enforcement for violations regarding his participation in the Alternatives to Detention program—the first citation, for a failed home visit on May 21, 2025; the second, for a failed home visit on July 16, 2025. Docs. 1 ¶ 50, 11 at 3, 11-1 at 2. In August 2025, Petitioner filed a Form 42B Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, which remains pending. Docs. 1 ¶ 51, 1-1 at 38.

On April 8, 2026, Petitioner was re-detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 ¶¶ 53–54, 1-1 at 40, 11 at 2–3. On April 15, 2026, Petitioner's wife received an email indicating that Petitioner's immigration bond had been canceled. Doc. 1-1 at 45–46.[2] Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Fourth Amendment's prohibition of unreasonable seizures; and (iv) the *Accardi*[3] doctrine. Doc. 1 ¶¶ 81–149.[4]

---

[2] Petitioner alleges that Respondents did not otherwise provide him with written notice revoking his bond, allege any new violation of supervision conditions, or identify any change in circumstances that would justify his detention. Doc. 1 ¶ 55.

[3] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

[4] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates both substantive and procedural due process. *See* Doc. 1 ¶¶ 81–124. The Court assumes that Petitioner intends to raise due both due process challenges.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 11, to which Petitioner has responded in opposition and moved for judgment on the pleadings, Doc. 13. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 11; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible[5] part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *see also id.* at *7–8 (rejecting claim under the *Accardi* doctrine "because the writ of *habeas corpus* affords relief from unlawful detention, not from unlawful arrests").

---

[5] Although this Court did not directly address a Fourth Amendment challenge to an underlying arrest in *Campos Bernal*, the Court flatly held that "an illegal arrest has no bearing on the legality of detention following that detention." *Campos Bernal*, 2026 WL 1804234, at *7 (citing *Immigr. & Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984)). This rationale applies with equal force to a challenge that Respondents failed to comply with the applicable Code of Federal Regulations—as was at issue in *Campos Bernal*—and to the current challenge that the arrest violated the Fourth Amendment. Regardless of the perceived violation, the Court cannot remedy an allegedly unlawful arrest by granting a writ of *habeas corpus* and releasing the petitioner. *See id.*

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of August, 2026.

Nicholas J. Ganjei
United States District Judge